Mary BRIDGES, Petitioner,

v.

ALASKA HOUSING AUTHORITY, a public corporation, Elmer Gagnon and M. G. Gebhart, Respondents.

No. 46.

Supreme Court of Alaska.

June 2, 1960.

Robert A. Parrish, Fairbanks, for petitioner.

Henry J. Camarot, Fairbanks, for respondents.

Before NESBETT, C. J., and DIMOND, J.

DIMOND, Associate Justice.

The Alaska Housing Authority instituted condemnation proceedings against petitioner and her property on June 9, 1958, asserting the right to acquire early possession of the property by use of a declaration of taking. Petitioner challenged this asserted right on July 1, 1958 with a motion to strike the declaration of taking, along with motions attacking the summons and the sufficiency of the complaint.

The trial court [1] denied the motion, holding that respondent was authorized to use a declaration of taking. This was the only point considered; the questions raised by the other motions were not decided. In conformity with this decision subsequent orders were entered, the effect of which was to take possession of the property from petitioner and give it to respondent, Alaska Housing Authority, in April or May, 1959.

Petitioner sought and obtained review by this court. In an opinion filed Decem-

[1.] The District Court for the District (Territory) of Alaska. The jurisdiction of this court was terminated by Executive Order No. 10,867 on February 20, 1960. Jurisdiction of this action then devolved upon the newly created Superior Court of the State of Alaska, by reason of § 16 of the Alaska Statehood Act, Public Law 85–508, 72 Stat. 350, approved July 7, 1958, 48 U.S.C.A. preceding section 23.

ber 22, 1959, 349 P.2d 149, this court held that the right granted by law to the Alaska Housing Authority to exercise the power of eminent domain did not include the right to use a declaration of taking. The respondents' petition for rehearing was denied on February 17, 1960, and on February 24 a mandate was issued to the court below directing that it take such proceedings in conformity with the opinion and judgment of this court as may be just.

Upon remand, petitioner moved to dismiss the action—asserting that dismissal was required by the mandate of this court. The court below denied the motion by order entered April 1, 1960, stating that the practical effect of this court's opinion and judgment was to preclude the Alaska Housing Authority from any further assistance of the statutes relating to the use of a declaration of taking, but that there was nothing in the mandate or in the opinion compelling dismissal of the action. The matter is now again before this court on petitioner's application to review the superior court's order denying the motion to dismiss.

It is true, as the court below has suggested, that this court's opinion, judgment and mandate did not direct that the action be dismissed. It was stated in the original opinion of December 22, 1959, and again in the opinion of February 17, 1960 denying the Authority's petition for rehearing, that the only question decided was that the Authority did not have the right to use a declaration of taking in the exercise of its power of eminent domain. Logically, then, this would indicate that there were still pending in the superior court petitioner's motions of July 1, 1958 aimed at the sufficiency of the complaint and attacking the summons and the service and return thereon.

Under the assumed exercise of a power which the Alaska Housing Authority did not possess, petitioner's property has been taken from her and the building or buildings previously located thereon have been removed. This is a fact which will not be altered by a decision now as to whether the complaint in condemnation sufficiently stated a claim or whether the procedure that respondent followed in commencing the condemnation action was in accordance with applicable law and rules. Hence a decision of the balance of petitioner's motions of July 1, 1958 would be fruitless, and therefore the action should be dismissed.

The petition is granted, the order of April 1, 1960 denying petitioner's motion to dismiss is reversed, and this case is remanded to the superior court with directions to dismiss the action.

AREND, J., took no part in the consideration or determination of this matter.